# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| SHELIA TAYLOR-JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CARROLL COUNTY SHERIFF'S DEPARTMENT, LUCAS CAMERON COLEMAN, OFFICER DAVIS, OFFICER POLLARD, DEPUTY HAMILTON, THREE UNKNOWN CARROLL COUNTY DEPUTIES, CITY OF MCKENZIE, TN, | ) Case No. 1:25-cv-1026-JDB-jay |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On January 27, 2025, Pro Se Plaintiff Shelia Taylor-Jones filed a lawsuit against the Carroll County Sherriff's Department, Lucas Cameron Coleman, Officer Davis, Officer Pollard, Deputy Hamilton, Three Unknown Carroll County Deputies, and the City of McKenzie, Tennessee. (D.E. 2.) The Court is required to conduct a screening of this action because Ms. Taylor-Jones sought and received in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2)(B); (D.E. 2, 8.) This case has been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05. For the following reasons, the undersigned RECOMMENDS DISMISSING Ms. Taylor-Jones's claims against the Carroll County Sherrif's Department and the Three Unknown Caroll County Deputies.

1

It is also RECOMMENDED that Ms. Taylor-Jones's § 1983 claim against Lucas Cameron Coleman, Officer Davis, Officer Pollard, Deputy Hamilton PROCEED, and that service of process be issued and effected. It is RECOMMENDED that Ms. Taylor Jones's *Monell* claim against City of McKenzie, Tennessee PROCEED, and that service of process be issued and effected. In light of these finding, the motions to stay are DENIED AS MOOT.

## I.

After the Court granted Ms. Taylor-Jones leave to proceed without paying the filing fee but before the Court screened her Complaint, this Court entered an order directing Ms. Taylor-Jones to file an Amended Complaint clarifying whether she has standing to pursue the claim on behalf of her deceased son. (D.E. 11.) Ms. Taylor-Jones filed an Amended Complaint, curing the defect in the Complaint by specifying that her son does not have any surviving spouse or children. (D.E. 8.) "An amended complaint supersedes the original complaint." *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*, 555 U.S. 438, 456 (2009); see also *Drake v. City of Detroit, Mich.*, 266 F. App'x 444, 448 (6th Cir. 2008) (finding an amended complaint renders the first complaint a nullity). As such, the Amended Complaint is now the operative complaint and is subject to initial screening as required by 28 U.S.C. § 1915(e)(2)(B).

Ms. Taylor-Jones alleges that her son, Benjamin Taylor, died as the result of excessive force used against him by Carroll County law enforcement officials. (D.E. 13 at 3, PageID 49.) She alleges that on March 4, 2024, at approximately 5:56 PM, police officers responded to an incident at "MSHN" in McKenzie, Tennessee, where her son was experiencing a "psychiatric crisis." (*Id.* at 2–4, PageID 48–50.) Although an autopsy states that Mr. Taylor's cause of death was natural due to "hypertensive cardiovascular diseases, with contributing factors including morbid obesity and psychiatric disorder," Ms. Taylor-Jones asserts that the true cause of death was

"deadly force applied by officers." (*Id. See generally* D.E. 14.) She claims the officers used unreasonable or excessive force by way of physical restraint, strikes, pressure, and restrictions on Mr. Taylor's ability to breath. (D.E. 13 at 5, PageID 51.) Ms. Taylor-Jones claims that the force used was disproportionate, given that Mr. Taylor was non-violent and had "known medical vulnerabilities" of which the officers knew or should have known. (*Id.*) The excessive force by the officers "directly cause or exacerbated a medical emergency that contributed to [Mr. Taylor's] death." (*Id.*) Furthermore, the officers' failure to intervene during the incident demonstrates a "deliberate indifference to the rights of vulnerable individuals, including Mr. Taylor." (*Id.*)

In addition to the Amended Complaint, Ms. Taylor-Jones provided exhibits, including the autopsy and a "preliminary investigative report narrative" by Defendant Coleman, a law enforcement official with the Carroll County Sherrif's Department.[1] (D.E. 14.) The narrative provides information that, at a minimum, expands on the bare factual allegations provided in the Amended Complaint. (*Id.* at 14–17, PageID 71–74.) The Defendant Coleman responded to a call on the date alleged and a physical confrontation occurred inside the facility that housed Mr. Taylor.[2] (*Id.* at 15, PageID 72.) During the physical confrontation, Mr. Taylor purportedly picked up furniture and pool cues aggressively, but Defendant Coleman was eventually able to restrain Mr. Taylor. (*Id.* at 16, PageID 73.) Defendants Davis, Pollard, and Hamilton then arrived on the scene, and Defendants Coleman, Davis, and Pollard attempted to handcuff Mr. Taylor. (*Id.*)

---

[1] The Court takes judicial notice of these exhibits. *Tolliver v. Noble*, 752 Fed. App'x 254, 266 (6th Cir. 2018) ("[W]hen the pleadings are filed by pro se plaintiffs, the court may consider additional, supporting documents which either serve to elaborate on a complaint or amend the initial filing"); *see Harper v. Shelby Cnty. Gov't*, No. 2:15-cv-2502-STA-cgc, 2016 WL 737947, at *4 (W.D. Tenn. Feb. 23, 2016) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)) ("When a Court considers whether dismissal for failure to state a claim is appropriate, the Court may consider the complaint and attached exhibits, as well as any public records, so long as they are referred to in the complaint and are central to the claims contained therein.").

[2] Of note, it appears that Defendant Coleman has "dealt" with or interacted with Mr. Taylor on previous occasions. (*Id.*)

3

Shortly after the officers handcuffed Mr. Taylor, he became unresponsive, and emergency medical services ("EMS") were called. (*Id.*) EMS was only able to detect a faint pulse, and Mr. Taylor was taken to the hospital. (*Id.*) Mr. Taylor was determined to be deceased at 6:54 PM on March 4, 2024. (*Id.* at 5, PageID 62.)

Based on the above-described facts, Ms. Taylor-Jones brings excessive force and failure to intervene claims pursuant to 42 U.S.C. § 1983 against Defendants Coleman, Davis, Pollard, Hamilton, and three unknown officers (collectively the "Individual Defendants"). (*Id.* at 3–4, PageID 49–50.) She also brings a *Monell* claim pursuant to 42 U.S.C. § 1983 against the Carroll County Sherriff's Department and the City of McKenzie, Tennessee. (*Id.* at 4–5, PageID 50–51.)

**II.**

A.  28 U.S.C. § 1915(e)(2) Screening

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner pro se plaintiffs who are proceeding in forma pauperis at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

B.  Standard of Review for Failure to State a Claim

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the

4

plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.

A. Claims Against Individual Officers

    *1. Defendants Coleman, Davis, Pollard, Hamilton*

A plaintiff bringing a § 1983 claim seeks to vindicate a "deprivation of a [their] 'federal constitutional or statutory right[s].'" *Alexander v. Carter*, 733 Fed. App'x 256, 260 (6th Cir. 2018) (quoting *Lewellen v. Metro. Gov't*, 34 F.3d 345, 347 (6th Cir. 1994)). "The threshold inquiry under § 1983, therefore, is to determine 'the specific constitutional right at issue.'" *Alexander*, 733 Fed. App'x at 260 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976)).

The Fourth Amendment requires that police "act reasonably when seizing a person." *Rudlaff v. Gillispie*, 791 F.3d 638, 641 (6th Cir. 2015). "Using 'excessive force' during an arrest is unreasonable and thus violates the Fourth Amendment." *Rudlaff*, 791 F.3d at 641 (citing *Graham v. Connor*, 490 U.S. 386, 394–95 (1989)). The test is ultimately one of objective reasonableness, "which requires consideration of the totality of the circumstances." *Eldridge v. City of Warren*, 533 Fed. App'x 529, 532 (6th Cir. 2013) (quoting *Kijowski v. City of Niles*, 372

5

F. App'x 595, 598 (6th Cir. 2010)). Reasonableness is assessed based on "the perspective of a reasonable officer at the scene." *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1004 (6th Cir. 2024) (quoting *Graham v. Connor*, 490 U.S. 386, 396–97 (1989)).

The Fourth Amendment "necessarily carries with it the right to use some degree of physical coercion or threat thereof" while effectuating a search or seizure. *Lustig v. Mondeau*, 211 Fed. App'x 364, 369 (6th Cir. 2006) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). As such, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judges' chambers violates the Fourth Amendment." *Brent v. Wayne Cnty. Dep't of Human Servs.*, 901 F.3d 656, 697 (6th Cir. 2018) (quoting *Graham*, 490 U.S. at 396). Furthermore, "an officer who fails to intervene to prevent another officer's excessive force can face liability for that force under § 1983. *Chaney-Small v. Young*, 98 F.4th 699, 721 (6th Cir. 2024) (citing *Bruner v. Dunaway*, 684 F.2d 422, 425–26 (6th Cir. 1982) (per curium)). To be held liable for a failure to intervene claim, an officer must have (1) observed the force or had reason to know a colleague would use it and (2) had both the opportunity and means to stop it. *Id.* at 722 (citing *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997)).

The alleged facts, when viewed in a light most favorable to Ms. Taylor-Jones, are sufficient to meet the screening standard put forth in 28 U.S.C. § 1915(e)(2). As alleged, Mr. Taylor was involved in a physical altercation with police officers in a supervised care. (D.E. 13 at 2–4, PageID 48–50; D.E. 14 at 15–16, PageID 72–73.) At some point while Mr. Taylor was being restrained, he became unresponsive. (D.E. 14 at 15–16, PageID 72–73.) EMS was called, and Mr. Taylor went to the hospital where he was pronounced deceased. (*Id.* at 5, 16, PageID 62, 73.) It is unknown exactly whether the police officers acted reasonably when seizing Mr. Taylor. *See Rudlaff*, 791 F.3d at 641. While some degree of physical force may have been necessary to

6

effectuate the restraint, it may be that under the totality of the circumstances, the force used was unreasonable.  Ms. Taylor-Jones has alleged facts indicating that Individual Defendants were aware of Mr. Taylor's psychiatric distress at the time of the incident, and that the attempts to restrain Mr. Taylor via "physical restrain[t], strik[es], and/or [] pressure to [his] body" may have restricted his ability to breath.  (D.E. 13 at 5.)  Ms. Taylor-Jones presents that this use of force "directly caused or exacerbated a medical emergency that contributed to his death." (*Id.*)  She also states that any failure by other officers to intervene after observing the use of force demonstrated a "deliberate indifference to the rights of" Mr. Taylor.  (*Id.*)   Considering these limited factual allegations, the Court concludes that Ms. Taylor-Jones has stated a plausible claim against the named Individual Defendants for excessive force and failure to intervene in violation of the Fourth Amendment.  As such, it is RECOMMENDED that Plaintiff's § 1983 claims against the named Individual Defendants PROCEED.

　　*2. Three Unknown Officers*

　　In the Sixth Circuit, courts read the service requirement of Rule 4(m) of the Federal Rules of Civil Procedure to apply to the naming of identified defendants.  *Garner v. City of* Memphis, No. 12-2152, 2013 WL 3822088, at *3 (W.D. Tenn. July 23, 2013) (citing *Petty v. Cnty. Of Franklin, Ohio*, 478 F.3d 341, 345 (6th Cir. 2007) (""[Plaintiff] has yet to identify John Does # 1 and # 2, and thus has yet to serve them, clearly in violation of [] Rule 4(m).") (abrogated on other grounds)).  As such, a civil lawsuit cannot be commenced against unidentified defendants because those parties cannot be served with process.  *Bufalino v. Mich. Bell. Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1998) ("The action was never commenced as to the 'Does' because they were not identified nor served with process."); *see Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) ("A civil action cannot be commenced against a fictitious

7

party such as an unknown John Doe."). Furthermore, a plaintiff cannot use a stand-in "John Doe" or "unknown police officer" defendants to "circumvent statutes of limitations[] because replacing a 'John Doe' with a named party" changes the party rather than substituting the party. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993)). In this district and under Tennessee law, "civil actions for compensatory or punitive damages, or both, brought under" § 1983 must commence "within one (1) year after the cause of action accrued." Tenn. Code Ann. § 28–3–104(a)(3); *see Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005) ("Because 42 U.S.C. § 1983 does not contain its own statute of limitations, the Court must look to state law to determine the appropriate limitations period.").

Here, Ms. Taylor-Jones alleges that there were three unknown Carroll County deputies that used excessive force against her son and failed to intervene resulting in her son's death. (D.E. 13 at 4, PageID 50.) She specifies that the three unidentified deputies are "listed in the police report but unnamed." (*Id.* at 2, PageID 48.) The inclusion of three unidentified deputies in the Amended Complaint is insufficient to commence a civil lawsuit because those individuals cannot be served with process. *Bufalino*, 404 F.2d at 1028. Even if Ms. Taylor-Jones could now identify the three unknown deputies, the statute of limitations to bring the § 1983 claim has lapsed. Ms. Taylor-Jones's son died on March 4, 2024, and the Amended Complaint against the three unknown deputies was filed on February 13, 2025. (D.E. 13 at 2, PageID 48.) In this case, the one-year statute of limitations for the § 1983 claim lapsed on March 4, 2025. Tenn. Code Ann. § 28–3–104(a)(3). Furthermore, the inclusion of the unidentified deputies in the Amended Complaint cannot serve as a placeholder such that the one-year statute of limitations can be avoided. *Cox*, 75 F.3d at 240. The three "Unknown Deputies" are improper parties because they cannot be served with process, and the statute of limitations lapsed as to any party that Ms. Taylor-Jones could now

8

identify; thus, it is recommended that the excessive force claim against the Unknown Deputies be DISMISSED.

B.  Municipal Liability Claims

    *1. Carroll County Sheriff's Department*

Ms. Taylor-Jones's claims against the Carroll County Sheriff's Department fail because a police or sheriff's department "is not a suable entity under Tennessee law." *Boyd v. City of Millington*, No. 15-cv-2642-SHL-cgc, 2015 WL 13080882, at *1 (W.D. Tenn. Dec. 9, 2015). The Sixth Circuit has held "that '[s]ince the [p]olice [d]epartment is not an entity which may be sued, [the] [c]ounty is the proper party to address the allegations of [the plaintiff's] complaint.'" *Kindle v. City of Jeffersontown, Ky.*, 374 Fed.Appx. 562, 570 (6th Cir. 2010) (quoting *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)); *see also Jones v. Union Cnty., Tenn.*, 296 F.3d 417, 422–23 (6th Cir. 2002) (explaining that the plaintiff, who conceded in her response to the defendants' motion for summary judgment that a Tennessee county "[s]heriff's [d]epartment could not be sued," did not appeal the district court's "ruling that [the] [p]laintiff's 42 U.S.C. § 1983 claim against the [s]heriff's [d]epartment was dismissed because under *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994), a county sheriff's department could not be sued").

At the district court level, "Tennessee federal courts have routinely held that police departments cannot be sued." *Moore v. Henderson Cnty. Sheriff's Dep't*, No. 13-1243, 2014 WL 1745017, at *13 (W.D. Tenn. Apr. 30, 2014) (collecting cases) (granting the "[d]efendants' motion for summary judgment on all claims against the [city] [p]olice [d]epartment" because "the [c]ity . . . and not the [p]olice [d]epartment, is 'the proper party to address the allegations of [the] complaint'" (quoting *Matthew v. Jones*, 35 F.3d at 1049)); *see Grace v. City of Ripley, Tenn.*, No. 2:16-cv-02395-JPM-dkv, 2017 WL 835206, at *5, n.2 (W.D. Tenn. Mar. 2, 2017) ("Since the Sixth

9

Circuit's decision in Matthews, district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit."). "Under Tennessee law, a police department is not an entity separate from a municipality that is capable of being sued." *Boyd*, 2015 WL 13080882, at *2 (citation omitted) (ruling that "as a mere municipal department with no legal identity separate from that of the [c]ity . . . [its] [p]olice [d]epartment [was] not a proper defendant"). For this reason, it is RECOMMENDED that Ms. Taylor-Jones's claims against the Carroll County Sheriff's Department be DISMISSED.

2. *City of McKenzie, Tennessee*

To establish liability against a municipality under § 1983, a Plaintiff must assert that a constitutional deprivation resulted from a municipality custom or policy. *Fox v. Van Oosterum*, 176 U.S. 342, 348 (6th Cir. 1999) (citing *Monell v. Dep't of Soc. Servs.*, 502 U.S. 21, 25 (1991)). A municipal liability claim cannot be merely based on the theory that the city employs a party that caused injury; rather, a Plaintiff must assert that the municipality is the "moving force behind the injury." *Id.* (internal quotation omitted) (citing *Bd. Of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403 (1997)). In her Amended Complaint, Ms. Taylor-Jones asserts that the City of McKenzie (1) failed to properly train officers on the use of force, (2) failed to discipline officers for use of excessive force, and (3) permitted a culture of excessive force against individuals in psychiatric crisis. (D.E. 13 at 4, PageID 50.) She claims that the "McKenzie Police Department ha[s] a documented history of using excessive force . . ., demonstrating a pattern and practice of unconstitutional conduct." (*Id.* at 5, PageID 51.) Furthermore, "[a]s a direct result of Defendants' unconstitutional polices, Benjamin Abraham Taylor was subjected to excessive force, which contributed to his death." (*Id.*) While these assertions are somewhat bare, under the less stringent pleading standard afforded to pro se plaintiffs, it can be fairly stated that Ms. Taylor-Jones

provided sufficiently well-pleaded factual allegations to satisfy the screening standard put forth in 28 U.S.C. § 1915(e)(2).  As such, it is RECOMMENDED that Ms. Taylor-Jones's *Monell* claim against the City of McKenzie, Tennessee, PROCEED.

C.  Motions to Stay

Ms. Taylor-Jones also filed two motions to stay the proceedings.  (D.E. 9, 12.)  In her first motion to stay the proceedings, filed on January 9, 2025, Ms. Taylor-Jones requested a seven (7) month stay of the proceedings to further review law enforcement practices, await the conclusion of the Tennessee Bureau of Investigations' review of the incident, gather affidavits from key witnesses, and acquire body camera footage of the incident.  (D.E. 9.)  The undersigned believes that Ms. Taylor-Jones has had sufficient time since filing the motion to attempt her independent investigations.  As such, it is RECOMMENDED that the first motion to stay be DENIED AS MOOT.

In her second motion to stay the proceedings, Ms. Taylor-Jones asserts that a stay is necessary to preserve Mr. Taylor's body and to obtain an independent autopsy.  (D.E. 12.)  Accompanying this motion, Ms. Taylor-Jones requests that this Court issue an order requiring the preservation of Mr. Taylor's body.  (D.E. 12 at 1, 4.)  However, Ms. Taylor-Jones fails to identify which entity or persons are in possession of Mr. Taylor's body.  (*See generally* D.E. 12.)  There are also references to exhibits which were not attached to the motion.  (D.E. 12.)  As presented, the motion and missing exhibits provide no factual basis that this Court can rely upon to grant the relief sought.  The Court cannot speculatively issue an order preserving the body to the Carroll County Sheriff's Office, the City of McKenzie, or any other entity that may be in possession without some factual allegation indicating who is currently in possession of Mr. Taylor's body.

As such, it is RECOMMENDED that the second motion to stay be DENIED WITHOUT PREJUDICE.

## IV.

As set forth above, it is RECOMMENDED that:

1) Plaintiff's excessive force and failure to intervene claims against Defendants Lucas Cameron Coleman, Officer Davis, Officer Pollard, and Deputy Hamilton PROCEED;

2) Plaintiff's excessive force and failure to intervene claims against the Three Unknown Carroll County Deputies be DISMISSED;

3) Plaintiff's *Monell* claim against the Carroll County Sheriff's Department be DISMISSED;

4) Plaintiff's *Monell* claim against the City of McKenzie, Tennessee PROCEED;

5) Plaintiff's motions to stay proceedings be DENIED; and,

6) Process be issued and that the United States Marshal's Service effectuate service on Defendants Lucas Cameron Coleman, Officer Davis, Officer Pollard, and Deputy Hamilton, and City of McKenzie, Tennessee.

Respectfully submitted, this, the 7th day of August 2025.

                                              **s/Jon A. York**
                                              **UNITED STATES MAGISTRATE JUDGE**

### NOTICE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATIONS.** *SEE* **28 U.S.C. § 636(b)(1); LOCAL RULE 72.1(g)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**