**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | |
|---|---|
| **SHELIA TAYLOR-JONES,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**CARROLL COUNTY SHERIFF'S DEPARTMENT, LUCAS CAMERON COLEMAN, OFFICER DAVIS, OFFICER POLLARD, DEPUTY HAMILTON, THREE UNKNOWN CARROLL COUNTY DEPUTIES, CITY OF MCKENZIE, TN,**<br><br>**Defendants.** | **Case No. 1:25-cv-1026-JDB-jay** |

## REPORT AND RECOMMENDATION

Plaintiff Shelia Taylor-Jones, proceeding *pro se*, appears to have abandoned her lawsuit. Defendants have moved to dismiss this action pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure (D.E. 44). The Court should **GRANT** Defendants' Motion and **DISMISS** this matter.

I.

Plaintiff brought this action alleging that her son died as the result of excessive force used against him by Carroll County law enforcement officials. The Court screened her Complaint as required by 28 U.S.C. § 1915(e)(2)(B) and found that she had stated excessive force and failure to intervene claims against Defendants Lucas Cameron Coleman, Officer Davis, Officer Pollard, and Deputy Hamilton. (*See* D.E. 15, 16). The Court also found that she adequately alleged a *Monell* claim against Defendant City of McKenzie. (*Id.*). Process was issued, Defendants were served,

and Answers were filed. (D.E. 17, 22, 25–26). A scheduling conference was held in which Plaintiff and Defense counsel participated, and a scheduling order was entered. (D.E. 33–34). The Court appointed a mediator and entered an order relieving Plaintiff from paying her pro rata share of the mediation due to her *in forma pauperis* status. (D.E. 36).

Up until that point, Plaintiff appeared to be engaged in her lawsuit. She had the Court issue a subpoena for the Tennessee Bureau of Investigation (D.E. 27–28), conferred with counsel concerning the Rule 26(f) report and proposed scheduling order (D.E. 32), appeared at and participated in the scheduling conference (D.E. 33), and, on April 21, 2026, served her initial disclosures (D.E. 37). Her involvement in her case, however, soon went off the rails.

First, Defendants Coleman and Hamilton propounded written discovery requests to Plaintiff on April 21, 2026. (*See* D.E. 41). Plaintiff never provided any responses. (*Id*.). Next, the parties scheduled a mediation for June 29, 2026. (*See* D.E. 38). Plaintiff failed to appear at the mediation. (*Id*.). On June 30, 2026, the Court ordered Plaintiff to show cause, no later than July 15, 2026, why she should not be sanctioned for her failure to appear at the mediation. (D.E. 39). Before Plaintiff's deadline to respond to the order to show cause expired, Defendants Coleman and Hamilton filed a motion to compel written discovery responses concerning their unanswered discovery requests that were served on Plaintiff on April 21, 2026. (D.E. 41). Plaintiff did not respond to the June 30, 2026, show cause order, nor did she respond to Defendants Coleman and Hamilton's motion to compel. On July 23, 2026, the Court entered an order granting the motion to compel and ordered Plaintiff to provide written discovery responses within 14 days of the date of the order. (D.E. 42). On July 24, 2026, Defendants Davis, Pollard, and the City of McKenzie noticed Plaintiff for her deposition to be taken on August 3, 2026. (D.E. 43). Plaintiff did not appear at her deposition. (*See* D.E. 44). On August 7, 2026, all Defendants jointly moved to dismiss

Plaintiff's case for lack of prosecution pursuant to Rule 37 and 41 of the Federal Rules of Civil Procedure. (D.E. 44). Finally, on August 13, 2026, Defendants Coleman and Hamilton filed a status report advising that Plaintiff had not provided written discovery responses as the Court had ordered her to do in its July 23, 2026, order. (D.E. 45). In addition to not providing discovery responses as she was ordered to do, Plaintiff has not filed a response to the show cause order, Defendants Coleman and Hamilton's motion to compel, or Defendants' joint motion to dismiss for lack of prosecution.

II.

Federal Rule of Civil Procedure 37(d)(1)(A) provides that the Court "where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition; or (ii) a party, after being properly with interrogatories under Rule 33 . . . , fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(i)–(ii). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi)." Fed R. Civ. P. 37(d)(3). Those sanctions include "dismissing the action or proceeding in whole or in part . . . ." Fed. R. Civ. P. 37(b)(2)(A)(v).

Similarly, Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute her case or comply with the Federal Rules of Civil Procedure or court orders. The rule provides that, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). The rule "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*,

516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

The factors to consider when faced with a motion to dismiss as a sanction under Rule 37(d) are the same as dismissal under Rule 41(b). *See Walker v. U.S. Bank*, N.A., No. 2:18-cv-2624, 2019 WL 13153218, at *3 (W.D. Tenn. Aug. 9, 2019) (citing *Doe v. Lexington-Fayette Urban Cnty. Gov't*, 407 F.3d 755, 766 (6th Cir. 2005)) (listing the same four Rule 41(b) factors in determining that the case should be dismissed as a sanction under Rule 37(d) for the plaintiff's failure to attend his properly noticed deposition). In considering whether to issue a sanction under either Rule, the Court must consider these factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Mager v. Wis. Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (citation omitted) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)). Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct. *Id*. In the present case, these factors weigh in favor of dismissal.

A. Willfulness, Bad Faith, or Fault

To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault, the Sixth Circuit has found that a plaintiff's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (brackets and internal quotation marks omitted); *see also Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997) (affirming dismissal and finding the plaintiff's conduct to be "stubbornly disobedient and willfully

contemptuous" where plaintiff failed to respond to discovery requests and a motion to compel, failed to comply with a court order, and failed to oppose a motion to dismiss even after the district court granted an extension of time to do so). Here, Plaintiff has failed to:

1) provide responses to Defendants Coleman and Hamilton's written discovery requests propounded to Plaintiff on April 21, 2026;
2) attend the June 29, 2026, court-ordered mediation;
3) respond to the show cause order entered on June 30, 2026;
4) respond to Defendants Coleman and Hamilton's July 6, 2026, motion to compel;
5) provide responses to Defendants Coleman and Hamilton's written discovery requests after she was ordered to do so in the July 23, 2026, order;
6) appear for her noticed August 3, 2026, deposition; and
7) respond to Defendants' August 8, 2026, joint motion to dismiss for lack of prosecution.

Plaintiff's disregard for the Court's orders to show cause and provide discovery responses, her failures to appear at the mediation and her noticed deposition, and her failure to respond in opposition to motions clearly evidences her reckless disregard for how her actions or inactions impact her case.

B. Prejudice

A defendant is prejudiced by a plaintiff's conduct where a defendant "waste[d] time, money, and effort in pursuit of cooperation which [plaintiff] was legally obligated to provide." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). Here, without question, Defendants have been prejudiced by Plaintiff's conduct. Defendants have wasted time, money, and effort in propounding discovery requests to Plaintiff that were never answered, preparing for and attending a mediation for which Plaintiff did not appear, filing motions that

Plaintiff did not respond to, and preparing for Plaintiff's deposition which she did not show up for. Thus, the second factor weighs in favor of dismissal.

C. Prior Warning

The Sixth Circuit has consistently held that "[p]rior notice, or the lack thereof, is . . . a key consideration" in determining whether a district court abused its discretion in dismissing a case for failure to prosecute. *Schafer*, 529 F.3d at 737; *see also Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998). Plaintiff has received multiple warnings that her case was subject to dismissal if she did not respond to or comply with the Court's orders. In the June 30, 2026, Order to Show Cause, Plaintiff was warned that "[f]ailure to respond to this Show Cause Order will result in the dismissal of Plaintiff's lawsuit pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with an order of the Court."(D.E. 39 at 2). Similarly, the July 23, 2026, order granting Defendants Coleman and Hamilton's motion to compel stated that "Plaintiff is hereby WARNED that failure to comply with this Order may result in sanctions, including the dismissal of this lawsuit, pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with an order of the Court." (D.E. 42 at 2). Thus, this factor weighs in favor of dismissal.

D. Lesser Sanctions

"[A] district court is required only to 'consider' the imposition of lesser sanctions." *Moore v. Erickson*, No. 22-2134, 2023 WL 9023353, at *3 (6th Cir. Oct. 5, 2023) (quoting *Mager*, 924 F. 3d at 837). The Sixth Circuit "has never held that a district court is without power to dismiss a complaint, as the first and only sanction," and is "loathe to require the district court to incant a litany of the available lesser sanctions." *Shafer*, 529 F.3d at 738 (6th Cir. 2008). Determining

whether dismissal is the appropriate sanction is a matter within the discretion of the Court. *Wright v. Coca-Cola Bottling Co.*, 41 F. App'x 795 (6th Cir. 2002).

In this case, given Plaintiff's failure to comply with and to respond to the Court's orders, her failure to attend mediation and her noticed deposition, her failure to participate in discovery, her failure to respond to motions, and her apparent abandonment of her case, the undersigned concludes that there is no sanction less drastic than dismissal that would be appropriate under the circumstances.

III.

Accordingly, the undersigned **RECOMMENDS** that Defendants' Joint Motion to Dismiss for Lack of Prosecution (D.E. 44) be **GRANTED** and that Plaintiff Shelia Taylor-Jones's case be **DISMISSED** for her failure to attend her own deposition and to serve answers to interrogatories pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) and for failure to prosecute her case and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).

Respectfully submitted, this the 2nd day of September, 2026.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDATION DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**