IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SHELIA TAYLOR-JONES,

Plaintiff,

v. No. 1:25-cv-01026-JDB-jay

CARROLL COUNTY SHERIFF'S DEPARTMENT, *et al.,*

Defendants.

---

ORDER ADOPTING REPORT AND RECOMMENDATION
AND
DISMISSING CASE

---

This case arises from the death of Benjamin Abraham Taylor, the son of the pro se Plaintiff, Shelia Taylor-Jones. According to her amended complaint, Mr. Taylor was a resident of MSHN, a group home located in McKenzie, Tennessee, when, on March 4, 2024, he experienced a "psychiatric crisis." (Docket Entry ("D.E.") 13.) Police were called. Plaintiff alleges that officers who arrived on the scene used excessive force in subduing her son, which resulted directly in or contributed to his death, in violation of his constitutional rights under the Fourth Amendment.

In a report and recommendation (the "R&R") entered September 2, 2026, United States Magistrate Judge Jon A. York[1] outlined Plaintiff's failures to participate in discovery, respond to Defendants' motions, or comply with orders of the Court. (D.E. 47.) He recommended that Defendants' joint motion to dismiss the complaint for lack of prosecution be granted and the case dismissed.

[1]This case was referred to the magistrate judge for all pretrial matters, including report and recommendation, pursuant to Administrative Order 2013-05.

Rule 72 of the Federal Rules of Civil Procedure permits a party to "serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* LR 72.1(g)(2). Upon the filing of timely and proper objections, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1), LR 72.1(g)(2). However, the district court is not required to review a magistrate judge's factual or legal conclusions, "under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). A district court should adopt the findings to which no specific objection is timely made. *Id.* at 151.

Taylor-Jones has failed to file any objections to the R&R and the time for doing so has expired. Accordingly, the Court hereby ADOPTS the R&R for the reasons set forth therein. The case is DISMISSED and the Clerk is DIRECTED to enter judgment in accordance with the R&R.

IT IS SO ORDERED this 22nd day of September 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE